Kay Coles JAMES, Director, Office
of Personnel Management,
Petitioner,

v.

Frank SANTELLA and Joseph
Jech, Respondents,

and

Merit Systems Protection
Board, Respondent.

No. 689.

United States Court of Appeals,
Federal Circuit.

Feb. 1, 2002.

Before CLEVENGER, RADER, and
SCHALL, Circuit Judges.

ON OPM PETITION FOR REVIEW

CLEVENGER, Circuit Judge.

ORDER

The Director of the Office of Personnel Management (OPM) petitions for review of a decision of the Merit Systems Protection Board. The Merit Systems Protection Board does not oppose. Frank Santella and Joseph Jech oppose.

The Office of Special Counsel (OSC) filed a complaint against Santella and Jech, each an Internal Revenue Service supervisor, charging retaliation in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). The Board's Chief Administrative Law Judge (CALJ) sustained the four charges. On review, the Board vacated and remanded in light of intervening case law that established a different standard of proof. On remand, the CALJ sustained none of the charges. The Board adopted the CALJ's decision and dismissed the complaint. Pursuant to the Office of Special Counsel Reauthorization Act of 1994, 5 U.S.C. § 1204(m), Santella and Jech moved for attorney fees, which were granted in part by the Board. OPM moved for reconsideration and the Board denied OPM's motion. OPM now

petitions this court for review of the Board's order.

Pursuant to 5 U.S.C. § 7703(d), OPM may obtain review of a final Board decision if OPM "determines, in [the Director's] discretion, that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule regulation, or policy directive." The statute further provides that "[t]he granting of the petition for review shall be at the discretion of the court of appeals."

At issue is the attorney fee provision pertaining to actions by OSC in whistleblower cases. Section 1204(m) of 5 U.S.C. provides that the Board may require payment of fees to an employee who is a "prevailing party" if the Board determines that payment by the agency is warranted in "the interest of justice." The Board interpreted § 1204(m) to authorize an award of fees to an employee who is "substantially innocent" and held that these employees were substantially innocent because none of the charges was sustained. OPM argues that the Board's interpretation is wrong because it conflates the two requirements of the statute—the prevailing party requirement and the interest of justice requirement—to a single outcome-based test. OPM argues that the Board's standard will place OSC at risk for fee awards in any case in which it ultimately does not prevail and that will discourage OSC from vigorously enforcing the whistleblower statute in contravention of Congressional intent.

"[I]t is the duty of this court independently to assess whether an exercise of our discretionary jurisdiction is warranted." *Devine v. Sutermeister,* 724 F.2d 1558, 1562 (Fed.Cir.1983). OPM and the Board agree that the decision will have a substantial impact on the administration of the civil service system. Additionally, the Board's decision involves an issue of statutory interpretation. Thus, the case is deemed appropriate for appellate review. *See Devine v. Nutt,* 718 F.2d 1048, 1053 (Fed.Cir.1983), *rev'd on other grounds sub nom., Cornelius v. Nutt,* 472 U.S. 648, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985).

Accordingly,

IT IS ORDERED THAT:

OPM's petition for review is granted.